## DETERMINATION AS TO WHEN A CASE FAILED OTHERWISE THAN ON THE MERITS.

Court of Appeals for Hamilton County.

WILLIAM E. HUTTON ET AL V. WILLIAM S. CURRY.*

Decided, March 22, 1915.

*Res Adjudicata—Relitigation of Question as to When a Case Failed Otherwise than on the Merits Can Not be Had, When.*

When a court of last resort has decided that an action has failed otherwise than on its merits on a certain date, and it is sought by averments in an answer to the action to show that the former action failed otherwise than on its merits on a different date from that found by the court of last resort, the fact as to when the action failed otherwise than on its merits can not be relitigated under the averments of the answer, as that question is *res adjudicata*, and the averments of the answer which seek to raise that question again, are properly stricken from the pleading on motion.

*Ernst, Cassatt & Cottle,* for plaintiffs in error.
*Thos. L. Michie,* contra.

GORMAN, J.

The first assignment of error alleged by counsel for plaintiff in error is that the court below erred in granting the motion to strike from the answer the averments of the second defense.

The record shows that in February, 1904, the plaintiff's action in the former case was dismissed, and in April, 1904, this entry of dismissal was set aside because, as set out in the entry, the entry of dismissal was made by inadvertence and mistake. Then on April 21, 1906, the court found that the entry of April, 1904, setting aside the entry of dismissal, was made without notice

*Judgment modified by the Supreme Court, January 25, 1916, but not on this point decided.

to or knowledge of defendants after term, and was irregular
and void, and set aside said entry of April 29, 1904.

Upon this state of facts on a demurrer to the petition the
general term of the superior court and the Supreme Court, by
an equally divided court, held that within the meaning of Sec-
tion 11233 of the General Code the plaintiff in the former case
failed otherwise than on the merits at the date of the last entry
made by the superior court in special term, to-wit, on April 21,
1906.

This ruling we believe is final and conclusive in this case, and
binds this court as to the time when plaintiff failed in the former
action otherwise than upon the merits; and this present action
having been commenced within one year from April 21, 1906,
was brought within time and is not barred.

The theory upon which the general term of the superior court
so held is that when the entry of April, 1904, setting aside the
entry of dismissal, was made, the former action was then and
thereby reinstated as a pending untried case and so continued
until April 21, 1906, when the superior court in special term
set aside the entry of April, 1904, because the same was made
without notice and was therefore irregular and void, at which
time the plaintiff's cause failed otherwise than upon the merits.
It failed because of the last action taken by the special term of
the superior court on April 21, 1906, and not by reason of the
dismissal in February, 1904. If this last entry of April 21, 1906,
had not been made, then manifestly the plaintiff would have
been enabled to proceed with his former case and prosecute it
to a final judgment on the merits; but by reason of the court's
entry of April 21, 1906, he was then and thereby precluded from
prosecuting his action to a final determination on the merits, and
we are of the opinion that the general term of the superior court
did not err in finding that this date, April 21, 1906, was the
time when the plaintiff failed otherwise than on the merits of his
case.

Now after the case had been taken to the general term and
to the Supreme Court, and this point decided adversely to the

contention of plaintiffs, they set up in a second defense of an answer, certain averments to the effect that the superior court in special term, in the usual course of business after due and regular notice in the *Court Index,* a daily law journal of general circulation especially among the lawyers, and upon a call of the former case for trial regularly and plaintiff having failed to appear, dismissed the cause without record and without prejudice, and held that the entry of April, 1904, was made without notice to counsel for defendants and was therefore null and void because so made after the term. Upon motion all the averments of this second defense were stricken from the answer by the court below on the grounds that the matters therein set up had been adjudicated in the rulings on the demurrer to the petition by the general term of the superior court and the Supreme Court.

Now the power of the special term of the superior court to dismiss the plaintiff's former action in February, 1904, for want of prosecution was not drawn in question. It was only claimed that it was made inadvertently and by mistake. Whether this entry was made inadvertently and by mistake, or not, there is no doubt of the court's power and right to set it aside during the term at which it was made (Section 11586). Therefore it was not material under what circumstances this entry was made in the former case. The sole question is as to the jurisdiction or power of the court below to make the entry of April 29, 1904, setting aside the entry of dismissal of February, 1904, after the term at which the entry of dismissal was made, the superior court of Cincinnati having a term every month.

By the provisions of Section 11631, General Code, Sub. 3, the court had power to set aside the judgment of dismissal after the term, for mistake, neglect or omission of the clerk, or irregularity in obtaining the judgment. Proceedings to correct mistakes shall be by motion, upon reasonable notice to the adverse party or his attorney (Section 11634). Now it appears by the record of the case, in the last entry, made April 21, 1906, that this entry of April, 1904, was made without notice and therefore was irregular and void. The effect of proving all the allegations

in the second defense of defendants' answer would be to establish the fact that the second entry was made without notice and was therefore null and void. Nothing more than the establishment of these facts could be of any benefit to defendants. But these facts are already found in the entry of April 21, 1906. So that it would appear that all these averments in the answer relate to and touch a matter already adjudicated, and therefore these matters were *res adjudicata*. Evidently the learned judge who granted the motion to strike out these averments of the second defense was of the opinion that the proof of all the facts set out in this defense of the answer would not avail the defendants or affect the issues then left in the case.

The fact remained that the former action failed otherwise than upon the merits on April 21, 1906. This does not mean that the action was then dismissed, but by this entry plaintiff was precluded from proceeding with his action.

We are of the opinion, in view of what was settled by the ruling on the demurrer to the petition, that the matters contained in the second defense of the answer were adjudicated and the court did not err in striking from the answer these averments.

We find no error in the admission or exclusion of evidence, or in the charge of the court, and no errors which would justify a reversal of the judgment. We think the verdict is sustained by the evidence, and the judgment will therefore be affirmed.

JONES (E. H.), P. J., concurs; JONES (Oliver B.), J., dissents.

JONES (Oliver B.), J., dissenting.

In my opinion, the first case of the plaintiff failed when it was dismissed February 17, 1904. The defendants had no notice of subsequent proceedings and were never in court in that case after the February term in which that dismissal was entered. The entry of April 19, 1904, was void and therefore of no effect in continuing the case, and was so held by the entry of April 21, 1906, which did not itself terminate the case, but simply expunged the previous entry and found that the case had been

finally dismissed February 17, 1904. The last entry was not the final failure of the case, but declared when it had failed.

The demurrer to the petition was overruled by the general term of the superior court in a majority opinion, which found that sufficient facts were not set out to show the validity of the original entry of dismissal. Defendants sought to bring these facts before the court by the allegations in the second defense of its answer. In my opinion the trial court erred in striking out this second defense, and the petition in this case was filed too late.